# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JENNIFER ANN KOLP,**

    Plaintiff,

    -vs-                        Case No. 12-C-842

**CAROLYN M. COLVIN, Acting Commissioner for Social Security,**

    Defendant.

## DECISION AND ORDER

On March 22, 2013, the Court remanded this matter to the Social Security Administration for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four. Now before the Court is a motion filed by plaintiff's counsel for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons that follow, this motion is granted.

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable fee* for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, …" § 406(b)(1)(A) (emphasis added). In accordance with this provision, the plaintiff, Jennifer Ann Kolp,

executed a fee agreement with her counsel, Lynn M. Zuehlsdorf-Mack. This agreement provides that if Kolp prevails on appeal in federal court, Ms. Zuehlsdorf-Mack may charge and receive as her fee an amount equal to twenty-five percent (25%) of the past-due benefits awarded to Kolp and her family. On December 20, 2014, the SSA issued Kolp a past-due benefit award in the amount of $100,756.90. Then, on March 1, 2015, the SSA issued an award of past-due benefits for Kolp's children in the total amount of $46,272.00. Twenty-five percent of these amounts equals $36,757.23 ($25,189.23 plus $11,568.00). Thus, Ms. Zuehlsdorf-Mack seeks a net fee award of $26,245.38: $36,757.23 - $6,000 already paid under 42 U.S.C. § 406(a)[1] - $4,511.85 EAJA fee.[2]

§ 406(b) "does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S.

---

[1] This section governs fees for representation in administrative proceedings, which must be the lesser of 25 percent of the total amount of past-due benefits or $6,000. § 406(a)(2)(A); 74 Fed. Reg. 6080-02 (Feb. 4, 2009) (increasing the maximum dollar amount effective June 22, 2009).

[2] *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1269 (11th Cir. 2010) ("attorney may offset [an EAJA award] by making a corresponding reduction to his []406(b) fee request").

- 2 -

789, 807 (2002). The upper boundary, of course, is the 25% limitation set forth in the statute. Within that boundary, courts have "appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. For example,

> If the attorney is responsible for delay, …, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.*

The Commissioner objects to the fee award because it would result in an hourly rate of $1,118.44 per hour (the requested amount of $30,757.23 [before the EAJA reduction] divided by 27.5 hours worked on the case). During the period from 2005 to the present, counsel charged between $150.00 and $300.00 per hour for non-contingency cases. Still, there is no indication that plaintiff's counsel was the cause of any benefit-accruing delay. Moreover, the outcome of this litigation was extremely

- 3 -

favorable to the plaintiff and her children. Ms. Zuehlsdorf-Mack assumed the risk of not being paid for her efforts, which is part of the calculus when these types of agreements are negotiated. "The effective lawyer will not win all of his cases, and any determination of the reasonableness of his fees in those cases in which his client prevails must take account of the lawyer's risk of receiving nothing for his services. Charges on the basis of a minimal hourly rate are surely inappropriate for a lawyer who has performed creditably when payment of any fee is so uncertain." *McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) (quoting *McKittrick v. Gardner*, 378 F.2d 872, 875-76 (4th Cir. 1967)). Indeed, a 2003 study cited by the Seventh Circuit found that 35% of all district court appeals from the denial of benefits resulted in their eventual grant. *Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011).

Moreover, this case does not present a classic "windfall" situation where an attorney stands to collect a huge fee with minimal effort. *See, e.g., Mitchell v. Barnhart*, 376 F. Supp. 2d 916, 921 (S.D. Iowa 2005) ("windfall" may occur if "the day after the contingency-fee was signed the plaintiff received benefits, without any effort extended by the claimant's attorney"). Ms. Zuehlsdorf-Mack was retained after Kolp's administrative attorney refused to represent her on appeal. Ms. Zuehlsdorf-Mack reviewed almost

- 4 -

1,000 pages in the administrative record before filing an opening brief in support of reversal or remand. This effort, of course, led directly to the joint motion for remand and the eventual award of benefits. Under these circumstances, the requested fee award is reasonable, and the Court will not upset the negotiated fee agreement. *See, e.g., Claypool v. Barnhart*, 294 F.Supp.2d 829, 833 (S.D. W. Va. 2003) (approving 406(b) fee award that translated to an hourly rate of $1,433.12).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Kolp's motion for attorney's fees [ECF No. 31] is **GRANTED**. Attorney Lynn M. Zuehlsdorf-Mack is awarded $30,757.23 in fees, less the EAJA fee of $4,511.85, for a net fee of $26,245.38.

Dated at Milwaukee, Wisconsin, this 3rd day of August, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**